824 So.2d 1038 (2002)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Shirley Evonne BAGGS, Appellants,
v.
Paul D. PATE, Appellee.
No. 1D01-3455.
District Court of Appeal of Florida, First District.
September 3, 2002.
*1039 Robert A. Butterworth, Attorney General; Louis F. Hubener, Assistant Attorney General, Tallahassee; and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellants.
No appearance, for Appellee.
WOLF, J.
The Department of Revenue on behalf of Shirley Baggs is appealing the trial court's order dismissing a paternity case against appellee, the putative father of Ms. Baggs' child. The issue in this case is whether a husband/legal father whose name is on the child's birth certificate is an indispensable party in a proceeding brought against a putative father to determine paternity. We find that the trial court erred in dismissing this case for failure to join the legal father as an indispensable party.
In Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), the supreme court held that the trial court was required to hear arguments from all parties, including the legal father "if he wishes to appear." Id. at 308. In determining whether the father wishes to appear, the supreme court notes that the legal father must be given notice of the paternity hearing "either actually if he is available or constructively if otherwise." Id. at 308, n. 4. Although the opinion specifically states that the child, as represented by the guardian ad litem, is an indispensable party, in the same sentence it notes that the legal father only must be given notice of the hearing. Id. at 308. Thus, it appears that the supreme court does not necessarily deem the legal father to be an indispensable party.[1]
On remand, the trial court must determine, in accordance with the supreme court's opinion in Privette, whether the legal father has been provided notice of the hearing and whether he wishes to appear. Under Privette, if the legal father wishes to appear, then he "must be heard." Id. at 308, n. 4. Conversely, it appears that if the legal father does not wish to appear after notice, he need not be heard. In this case there was no determination by the trial court in regard to whether the legal father was given notice or whether he wished to appear. Therefore, we must reverse and remand for proceedings consistent with this opinion.
BOOTH and LEWIS, JJ., concur.
NOTES
[1] In Pitcairn v. Vowell, 580 So.2d 219 (Fla. 1st DCA 1991), where a mother brought a paternity suit to obtain child support from a man who was not her husband, this court found that the husband/legal father was not an indispensable party. In Privette, the supreme court disapproved our Pitcairn decision "to the extent it is inconsistent with our views here." Id. at 310.